
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

MOHAMMAD KHAJA-MOINUDDIN,

    Plaintiff,

-against-

THE CITY OF NEW YORK and
P.O./DETECTIVE JAMES A. HOOKER,
and RUQSAAR SHUKOOR, and
REHAAN SHUKOOR,

    Defendants.

------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM & ORDER

09-CV-646 (CBA) (LB)

Amon, United States District Judge:

Plaintiff Mohammad Khaja-Moinuddin ("Khaja-Moinuddin" or "plaintiff") brings claims pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution against defendants Ruqsaar Shukoor ("Ms. Shukoor"), Rehaan Shukoor ("Mr. Shukoor")[1], the City of New York ("the City") and Police Officer/Detective James A. Hooker ("Officer Hooker"). Officer Hooker and the City assert that Khaja-Moinuddin has failed to state a cause of action against them and have brought a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Ms. Shukoor has brought her own motion to dismiss

---

[1] There is no record that plaintiff ever served this defendant with the complaint. In an order dated August 10, 2009, Magistrate Judge Lois Bloom directed the Clerk of the Court to issue an amended summons for Mr. Shukoor and mail the summons to plaintiff to effect service pursuant to Fed. R. Civ. P. 4(m). Magistrate Judge Bloom ordered plaintiff to serve Mr. Shukoor within 30 days of the summons being issued and file proof of service with the Court, and warned that if no proof of service was filed by October 5, 2009, the action against Mr. Shukoor would be dismissed. In a subsequent order, dated September 17, 2009, Magistrate Judge Bloom reinforced the October 5, 2009 deadline for plaintiff's serving Mr. Shukoor. There is no indication that service was effectuated by October 5, 2009 or at any time. Moreover, plaintiff's factual allegations do not give rise to sufficient claims for relief against Mr. Shukoor. Accordingly, the Court dismisses any claims against Mr. Shukoor.

1

pursuant to Rule 12(b)(6). The Court addresses both motions in this Memorandum and Order. For the reasons stated herein, the Court grants defendants' motions to dismiss and dismisses all claims against Ms. Shukoor, Officer Hooker, the City and Mr. Shukoor.[2]

I.  Relevant Facts

Khaja-Moinuddin and Ms. Shukoor were married in India before the incident in question. (Am. Compl. ¶ 8, 9.) In December 2001, Ms. Shukoor moved to the United States to live with Khaja-Moinuddin. (Id. ¶ 9.) Khaja-Moinuddin alleges that after that time, Ms. Shukoor was unfaithful to him, neglected their children, and assaulted him on numerous occasions. (Id. ¶ 11, 13, 14, 16, 17.)

On February 1, 2006, Khaja-Moinuddin claims Ms. Shukoor assaulted him, and after an "argument," she took their two children and fled the marital home. (Id. ¶ 17.) A few days later, on February 6, 2009, Ms. Shukoor filed a domestic violence complaint against Khaja-Moinuddin, the allegations of which Khaja-Moinuddin asserts are fabricated. (Id. ¶ 8, 10, 19, 20, 31.) On February 10, 2006, James Hooker, police officer and investigator of the 108th Precinct, left two

---

[2] A court should not dismiss a pro se litigant's complaint without granting leave to amend at least once when a liberal reading of the complaint indicates that a valid claim might be stated. Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (generally, permission to amend should be freely granted). However, the plaintiff in this case was already given an opportunity to amend his complaint. On June 29, 2009, at an initial conference, United States Magistrate Judge Lois Bloom informed Khaja-Moinuddin of the requirements to file a cause of action under 42 U.S.C. § 1983, and plaintiff requested leave to amend his complaint. Magistrate Judge Bloom granted this request and plaintiff submitted his Amended Complaint on July 31, 2009. Although it is within the Court's discretion to give plaintiff an additional opportunity to further amend his complaint, here, an amendment would be futile because there are no viable claims that plaintiff could assert that would withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend."); see also Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990) (Although "a leave to amend should be given freely when justice so requires, where, as here, there is no merit in the proposed amendments, leave to amend should be denied."); Dougherty v. North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).").

messages on Khaja-Moinuddin's answering machine, informing him of the domestic violence complaint and suggesting that Khaja-Moinuddin surrender himself. (Id. ¶ 20, 29.) The following day, Khaja-Moinuddin consulted an attorney, and on February 11, 2006, surrendered himself to the 108th Precinct where Officer Hooker arrested him. (Id. ¶ 20, 30, 31.)

Khaja-Moinuddin alleges that Ms. Shukoor filed a false police report in order to convince him to stop his family from bringing a criminal suit against Ms. Shukoor and her family. (Id. ¶ 8.) Of relevant note, Khaja-Moinuddin has accepted an Adjournment in Contemplation of Dismissal ("ACD") in the underlying criminal suit involving Ms. Shukoor and her family, and completed a Batterers Intervention Program. (See McCann Decl., Ex. B; Ex. C.) Additionally, Ms. Shukoor attained permanent legal immigration status by filing a petition under the Violence Against Women Act, 8 U.S.C. § 1151 ("VAWA"), claiming that she was a victim of domestic violence. (Am. Compl. ¶ 8.)

## II. Discussion

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed "for failure of the pleading to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson, 127 S. Ct. at 2200 (citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965-66 (2007)).

When determining the sufficiency of a complaint for Rule 12(b)(6) purposes, a court must

accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007). The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 570.

The recent Supreme Court decision Ashcroft v. Iqbal offered district courts additional guidance when considering motions to dismiss under Rule 12(b)(6), and set forth a two-pronged approach for deciding such motions. 129 S. Ct. 1937 (2009). First, the district court must "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. Second, if a complaint contains "well-pleaded factual allegations[,] a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (quoting and citing Twombly, 550 U.S. at 556-57) (internal citations omitted).

A court is to liberally construe a pro se litigant's papers. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Ortiz v. McBride, 323 F.3d 191, 194 (2d Cir. 2003) ("This court construes

appellate briefs submitted by pro se litigants liberally and reads such submissions to raise the strongest arguments they suggest.") (citation omitted). Specifically, "'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). See also Ortiz v. Cornetta, 867 F.2d 146, 148 (2d Cir. 1989) (holding that a pro se litigant is to be held to "less stringent standards than those governing lawyers"); Sharpe v. Conole, 386 F.3d 482, 484 (2d Cir. 2004) ("[W]e construe [a pro se complaint] broadly and interpret it to raise the strongest arguments it suggests.").

### B. Claims against Ms. Shukoor

Liberally construing Khaja-Moinuddin's Amended Complaint, the Court interprets it to attempt to assert claims against Ms. Shukoor pursuant to 42 U.S.C. § 1983 and the Fourth Amendment as applied to the states through the Fourteenth Amendment of the Constitution. The Court concludes that Khaja-Moinuddin has failed to state a cause of action against Ms. Shukoor.

In order to maintain a § 1983 action, a plaintiff must establish two essential elements: (1) that he has been deprived of a federally protected right; and (2) that he was deprived of that right by a person acting under color of state law. See American Mfrs. Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). To act "under color of state law," a defendant must have "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Carlos v. Santos, 123 F.3d 61, 65 (2d Cir. 1997) (internal citations omitted). To assert a § 1983 claim against a private actor, such as Ms. Shukoor, the plaintiff must show that the private actor "is a willful participant in joint activity with the State or its agents." Adickes v. S.H. Kress & Co., 398 U.S.

144, 152 (1970) (quoting United States v. Price, 383 U.S. 787, 794 (1966)). Mere conclusory allegations that a private entity acted in concert with a state actor are insufficient to establish a § 1983 cause of action against a private entity. Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir. 1992).

Private entities may be liable under § 1983 in certain circumstances. First, a private party may be liable where "there is a sufficiently close nexus between the State and the challenged action of the [private party] so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974); see also Flagg v. Yonkers Savings & Loan Ass'n, 396 F.3d 178, 187 (2d Cir. 2005). And where an individual is "jointly engaged with state officials" in a conspiracy to deprive the plaintiff of his constitutional rights, he or she acts under color of state law for § 1983 purposes. Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); see also Ginsberg v. Healy Car & Truck Leasing, Inc., 189 F.3d 268, 271 (2d Cir. 1999); Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).

Khaja-Moinuddin has not alleged a "close nexus" between the state and any action of Ms. Shukoor which would cause Ms. Shukoor to be treated as a state actor for § 1983 liability. A "close nexus" exists where the private actor: (1) is entwined in the management or control of the State or with governmental policies; (2) is a willful participant in joint activity with the State or its agents; (3) is controlled by an agency of the State; or (4) has been delegated a public function by the state. Tancredi v. Metropolitan Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003) (citing Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 296 (2001) (internal quotation marks omitted)). The Amended Complaint does not provide any allegations that Ms. Shukoor was entwined with the State or governmental policies, was a willful participant

in joint activity with the State, was controlled by the State, or was delegated a public function of the State.

Khaja-Moinuddin has also failed to properly allege a conspiracy between Ms. Shukoor and the State to hold her liable as a state actor under § 1983. To adequately state a conspiracy under § 1983, a plaintiff must allege: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2d Cir. 2002) (quoting Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993) (citations, internal quotation marks, and internal alterations omitted)).

Allegations of a conspiracy are virtually nonexistent in plaintiff's Amended Complaint. Nowhere does Khaja-Moinuddin show that Ms. Shukoor entered into any agreement with the police, either formally or informally, to arrest him. Khaja-Moinuddin only alleges that Ms. Shukoor made a false claim to the police, upon which he was arrested. Such allegations are insufficient to render Ms. Shukoor a state actor for § 1983 purposes. See Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 272 (2d Cir. 1999) ("[Providing] information to a police officer does not by itself make [defendant] a joint participant in state action under Section 1983."); Fisk v. Letterman, 401 F. Supp. 2d 362, 377 (S.D.N.Y. 2005) (holding that plaintiff's allegations were insufficient to state a claim for conspiracy under § 1983 where "[a]t most, the

7

plaintiff's allegations . . . could be construed as supporting an inference that [the private individual] attempted to influence the state actors' decision . . . ."). Moreover, where a private individual supplies the police with false information, a plaintiff cannot claim that the individual was a "state actor" for purposes of § 1983. See Johns v. Home Depot U.S.A., Inc., 221 F.R.D. 400, 405 (S.D.N.Y. 2004) (not finding a private party who called for police assistance a state actor under § 1983, even where the call caused plaintiff's detainment . . . . "[E]ven assuming [the individual] had supplied the police with false information, plaintiff would still fail to state a [§ 1983] claim.").

The Court finds that there is no showing in the complaint that Ms. Shukoor is a "state actor" for purposes of § 1983. The Court grants Ms. Shukoor's motion to dismiss.

### C. Claims against Officer Hooker

The Court broadly interprets plaintiff's Amended Complaint as alleging that he was falsely arrested, falsely imprisoned, and maliciously prosecuted by defendant Officer Hooker in violation of his Fourth and Fourteenth Amendment rights and in violation of New York State law. The Court addresses each allegation and concludes that all claims against Officer Hooker fail.

#### 1. *False Arrest/False Imprisonment*

##### a) Allegations Pursuant to Federal Law

Khaja-Moinuddin alleges that he was falsely arrested and falsely imprisoned by Officer Hooker in violation of his Fourth Amendment rights. A § 1983 claim for false arrest, based on an individual's right to be free from unreasonable seizures, is substantially the same as a claim for false arrest under New York law, Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (internal

citations omitted), and "[i]n analyzing § 1983 claims for unconstitutional false arrest, [courts] have generally looked to the law of the state in which the arrest occurred." Davis v. Rodriguez, 364 F.3d 424, 433 (2d Cir. 2004). To state a claim of false arrest or false imprisonment, a plaintiff must show: (1) that the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged. Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003). False arrest is a "species" of false imprisonment, and requires proof of the same four elements. See Weyant v. Okst, 101 F.3d 845, 853 (2d Cir. 1996); Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995); Benjamin v. United States, 554 F. Supp. 82, 85 (E.D.N.Y. 1982) (citing Jackson v. Police Dep't, 86 A.D.2d 860 (App. Div. 1982)).

In New York, "the existence of probable cause is an absolute defense to a false arrest claim." Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006); Caldarola v. Calabrese, 298 F.3d 156, 161 (2d Cir. 2002); see also Singer, 63 F.3d at 118 ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause."). Probable cause requires an officer to have "knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000) (citation omitted). Probable cause is to be analyzed from an objective perspective, Lindsey v. Loughlin, 616 F. Supp. 449, 451 (E.D.N.Y. 1985) (citing Harlow v. Fitzgerald, 457 U.S. 800 (1982)), in light of the "totality of the circumstances." Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006). Therefore, the actual motivation of the arresting officer is irrelevant. See Whren v. United States, 517 U.S. 806, 813-14 (1996).

"[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity." Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006) (citations and internal quotation marks omitted); see also Singer, 63 F.3d at 119 (2d Cir. 1995) ("An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity."); Thomas v. County of Putnam, 262 F. Supp. 2d 241, 247 (S.D.N.Y. 2003). The veracity of those individuals "who are the victims of the very crime they report to the police is assumed." Miloslavsky v. AES Engineering Soc., Inc., 808 F.Supp. 351, 355 (S.D.N.Y. 1992) aff'd, 993 F.2d 1534 (2d Cir. 1993); see also Martinez, 202 F.3d at 634; Parisi v. Suffolk County, 2009 WL 4405488, at *7 (E.D.N.Y. Nov. 30, 2009) ("the probable cause standard does not require that the arresting officer affirmatively seek out reasons to doubt the victim or witness where none are apparent.").

Drawing all reasonable inferences in favor of the plaintiff, the facts alleged in Khaja-Moinuddin's Amended Complaint indicate that there was probable cause to arrest him. The Amended Complaint states that Hooker arrested Khaja-Moinuddin as a result of a complaint filed by Ms. Shukoor. (Am. Compl. ¶ 8, 20, 29.) Thus, Hooker's reasons for arresting Khaja-Moinuddin were based on probable cause from a victim whose veracity is "assumed." See Miloslavsky, 808 F.Supp. at 355. Moreover, the complaint alleges no facts suggesting circumstances under which the officer should have doubted the victim's veracity. See Coyle v. Coyle, 153 Fed. Appx. 10, 12 (2d Cir. 2005) (finding § 1983 complaint alleging false arrest

properly dismissed where "complaint failed to allege any facts supporting [pro se plaintiff's] claim that the police officers who arrested him lacked probable cause"). It is irrelevant that Khaja-Moinuddin claims that Ms. Shukoor's allegations in her complaint were actually false. "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." Bernard v. United States, 25 F.3d 98, 102 (2d Cir.1994) (citation omitted); Dukes v. City of New York, 879 F.Supp. 335, 340 (S.D.N.Y. 1995). It is also irrelevant for the purposes of the probable cause analysis that the suspect turns out to be innocent. See Pierson v. Ray, 386 U.S. 547, 555 (1967); Dukes, 879 F. Supp. at 340.

In his affirmation, Khaja-Moinuddin additionally argues that Officer Hooker did not arrest him because of any probable cause or his beliefs in the content of Ms. Shukoor's complaint, but because of a personal bias against men. (See Pl.'s Opp. at 4-5.) To the extent that the Court incorporates this argument into the complaint for purposes of this Order, it finds such an argument meritless. Probable cause is an objective matter and does not depend on the subjective biases of the arresting officer. Whren v. United States, 517 U.S. 806, 812-13 (1996). Thus, any allegation of Officer Hooker's state of mind and bias toward men is irrelevant to the probable cause determination. Moreover, any claim of bias is entirely conclusory.

The facts as alleged in the Amended Complaint establish that defendant Hooker had probable cause to arrest. Accordingly, because the existence of probable cause is a complete defense to a false arrest claim, see Singer, 63 F.3d at 118-19, defendants' motion to dismiss plaintiff's false arrest claim is granted.

### b) Allegations Pursuant to New York State Law

To the extent that Khaja-Moinuddin's complaint can be interpreted as alleging a New York State law claim for false arrest and false imprisonment against defendant Officer Hooker, this claim is barred first for plaintiff's failure to file a valid notice of claim as required under New York law, and second because of the existence of probable cause to arrest Khaja-Moinuddin.

New York General Municipal Law § 50-e requires an individual to file a notice of claim with the New York City Comptroller before commencing any action for damages against New York City or its employees. N.Y. Gen. Mun. Law § 50-e. This statute provides that:

> In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, . . . or any officer, appointee or employee thereof, the notice of claim shall comply with and be served in accordance with the provisions of this section within ninety days after the claim arises.

Id. §50-e(1)(a). "The notice of claim requirements apply equally to state tort claims brought as pendent claims in a federal civil rights action." Fincher v. County of Westchester, 979 F.Supp. 989, 1002 (S.D.N.Y. 1997).

Filing a notice of claim is a mandatory condition precedent to suit against New York City and its employees; see Day v. Moscow, 955 F.2d 807, 813 (2d Cir. 1992), cert. denied, 506 U.S. 821, 113 S.Ct. 71, 121 L.Ed.2d 37 (1992), and failure to comply with this condition is grounds for dismissing a action. See Garcia v. NYPD Pct 41, 95 CV 10471, 1997 WL 563809, at *3-4 (S.D.N.Y. Sept. 10, 1997) (dismissing plaintiff's state law claims of malicious prosecution and false arrest against New York City and its employees due to plaintiff's failure to comply with N.Y. Gen. Mun. Law § 50-e); Jean v. City of New York, 98 CV 157, 2009 WL 3459469, at *10

(E.D.N.Y.,Oct. 28, 2009) (dismissing plaintiff's pendant state law claims of false arrest, false imprisonment and malicious prosecution against a New York City police officer as procedurally barred for plaintiff's failure to file a notice of claim for any of these claims); Bankhead v. Chu, 10 CV 0510, 2010 WL 935371, at *2 (E.D.N.Y. Mar. 11, 2010) (dismissing plaintiff's state law claims of malicious prosecution and false arrest against New York City for failure to allege service of a notice of claim on the City of New York pursuant N.Y. Gen. Mun. Law § 50-e).

Here, Khaja-Moinuddin has not filed a notice of claim pursuant to New York General Municipal Law § 50, and nowhere in his complaint does he allege that he filed a notice of claim. Thus, Khaja-Moinuddin's state law claim fails on this ground.

As to the merits of any New York State claim for false arrest and false imprisonment, these allegations must fail. As discussed above, under New York law, the facts pleaded in the complaint, even when drawing all reasonable inferences in favor of the plaintiff, demonstrate that Officer Hooker had probable cause to arrest Khaja-Moinuddin. The complaint fails to allege any facts suggesting that Officer Hooker had reason to doubt the veracity of the complaining witness. As the existence of probable cause is a complete defense to any state law claim for false arrest and false imprisonment, plaintiff's allegations are without merit. Accordingly, the Court dismisses any state law claims against Officer Hooker.

2. *Malicious Prosecution*

a) <u>Allegations Pursuant to Federal Law</u>

The elements for a claim of malicious prosecution pursuant to are "substantially the same as the elements under New York law." Boyd v. City of New York, 336 F.3d 72, 75 (2d Cir. 2003); see also Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003). In order to state a claim for

malicious prosecution, a plaintiff must prove four elements: (1) the defendant initiated a criminal proceeding, (2) the proceeding terminated favorably to the plaintiff, (3) there was no probable cause for the criminal charge, and (4) that the defendant acted maliciously. Rothstein v. Carriere, 373 F.3d 275, 282 (2d Cir. 2004) (citing cases).

As with a false arrest claim, the existence of probable cause is a complete defense to a claim of malicious prosecution. Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003). "[A]bsent intervening circumstances that could serve to 'dissipate' the original rationale for the arrest," where the crime for which the plaintiff had been arrested is the same as the crime for which the plaintiff is then prosecuted, the existence of probable cause for the arrest can presumptively demonstrate probable cause for the prosecution. Allen v. City of New York, 480 F. Supp. 2d 689, 714-15 (S.D.N.Y. 2007). As explained above, Officer Hooker had probable cause to arrest Khaja-Moinuddin based on complaints from Ms. Shukoor. Thus, because there was probable cause to arrest, and Khaja-Moinuddin has not alleged that Hooker had different information available to him at the time of prosecution than was available at the time of arrest, there was probable cause to prosecute Khaja-Moinuddin.

Additionally, Khaja-Moinuddin's acceptance of an Adjournment in Contemplation of Dismissal ("ACD") bars his federal claim for malicious prosecution. In order to successfully assert a claim for malicious prosecution, plaintiff must allege, among other things, "termination of the proceeding in plaintiff's favor." Green v. Mattingly, 585 F.3d 97, 103 (2d Cir. 2009). Under New York law, an adjournment in contemplation of dismissal is not a favorable termination "because it leaves open the question of the accused's guilt." Fulton v. Robinson, 289 F.3d 188, 196 (2d Cir. 2002). Moreover, "an adjournment in contemplation of dismissal is not

14

considered to be a favorable termination for malicious prosecution claims." Green, 585 F.3d at 103 (internal quotation marks omitted); see also Rothstein v. Carriere, 373 F.3d 275, 287 (2d Cir. 2004 ("an adjournment in contemplation of dismissal... is a bargained-for dismissal of the criminal case").

Here, Khaja-Moinuddin accepted an ACD (see McCann Decl., Ex. B) in the underlying criminal matter, as well as completed a Batterers Intervention Program (see McCann Decl., Ex. C) as part of the "bargained-for dismissal." Because these proceedings did not terminate in Khaja-Moinuddin's favor, he is barred from asserting any claim for malicious prosecution.

Accordingly, the Court dismisses plaintiff's malicious prosecution claim pursuant to § 1983 because he has failed to allege the required elements to bring such a claim.

### b) Allegations Pursuant to New York State Law

Any allegation that Khaja-Moinuddin was maliciously prosecuted in violation of New York State law must also fail as a matter of law. As mentioned above, the requirements for a malicious prosecution claim under New York State law are essentially the same as those required under federal law. Cornejo v. Bell, 592 F.3d 121 (2d Cir. 2010) ("[S]ection 1983, in recognizing a malicious prosecution claim when the prosecution depends on a violation of federal rights, adopts the law of the forum state so far as the elements of the claim for malicious prosecution are concerned."); see also Broughton v. State, 37 N.Y.2d 451, 457, 335 N.E.2d 310, 314 (1975) ("The elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice.").

As discussed, Khaja-Moinuddin has failed to allege a claim for malicious prosecution under § 1983. Accordingly, like Khaja-Moinuddin's federal claim pursuant to § 1983, his allegations that he was maliciously prosecuted in violation of New York law are also without merit. Accordingly, the Court dismisses Khaja-Moinuddin's claims for malicious prosecution against Officer Hooker.

3. *Officer Hooker and Qualified Immunity*

Furthermore, even if Khaja-Moinuddin had stated a claim for relief against Officer Hooker, this defendant is entitled to qualified immunity from suit. "In general, public officials are entitled to qualified immunity if (1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights." Holcomb v. Lykens, 337 F.3d 217, 220 (2d Cir. 2003) (quoting Weyant v. Okst, 101 F.3d 845, 857 (2d Cir. 1996)). A police officer has acted in an unreasonable manner where "no officer of reasonable competence could have made the same choice in similar circumstances." Lee v. Sandberg, 136 F.3d 94, 102 (2d Cir. 1997). That is, officers are entitled to qualified immunity if "officers of reasonable competence could disagree" as to legality of their action. Malley v. Briggs, 475 U.S. 335, 341 (1986).

As noted above, based upon the facts alleged in the complaint, there was probable cause to arrest and prosecute Khaja-Moinuddin. Officer Hooker's actions therefore did not violate Khaja-Moinuddin's constitutional rights. However, even if the information on which the officer acted fell short of probable cause, it was objectively reasonable for Officer Hooker to believe that his actions were legal. See, e.g., Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000) ("in the context of a qualified immunity defense to an allegation of false arrest, the defending officer

need only show "arguable" probable cause"). In this case, after Ms. Shukoor filed a domestic violence complaint against Khaja-Moinuddin, there was, at a minimum, "arguable probable cause" to arrest and prosecute Khaja-Moinuddin.

### D. Claims against Defendant City

Although Khaja-Moinuddin has not purported to set forth a claim of municipal liability against the City of New York, the Court construes the Amended Complaint broadly for purposes of this Order, to assess whether the complaint's allegations set forth such a claim.

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978)). Khaja-Moinuddin has made no sufficient allegation in his complaint that a municipal policy or custom resulted in his alleged harm. His bald assertion that "there is a pattern of biased conduct by the NYPD and its officers against men" and his narrative account of biased conduct in conjunction with his friend's arrest (see Pl. Obj. at 5), does not suffice to satisfy a Monell claim. Furthermore, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which can be attributed to a municipal policymaker." City of Oklahoma v. Tuttle, 471 U.S. 808, 823-24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). The Amended Complaint does not allege sufficient facts establishing such proof. Accordingly, Khaja-Moinuddin has failed to state a claim against the

City of New York and the Court grants dismissal of plaintiff's claims against defendant City.

Conclusion

For the reasons set forth above, the Court finds that the plaintiff has failed to state adequate claims for relief against defendants Ms. Shukoor, Officer Hooker and the City. The Court grants both motions to dismiss and dismisses all claims against these defendants. The Court also dismisses all claims against Mr. Shukoor both because of plaintiff's failure to properly serve this defendant and because the allegations in the complaint fail to give rise to any viable cause of action against him. The Clerk of the Court is directed to enter judgment in accordance with this opinion and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
September 27, 2010

/s/ Judge Amon

Carol Bagley Amon
United States District Judge